UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 05-60244-CR-UNGARO/O'SULLIVAN

UNITED STATES OF AMERICA,

       Plaintiff,

v.

NANCY M. CALLO,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on the Petition for Warrant or Summons for Offender Under Supervision (DE # 56, 12/20/07). This matter was referred to the undersigned by the Honorable Ursula Ungaro, United States District Court Judge for the Southern District of Florida to take all necessary and proper action as required by law, including but not limited to an evidentiary hearing, with respect to whether or not the defendant's supervised release/probation should be revoked (DE # 32, 2/14/08). It is recommended that the District Court determine whether to revoke the defendant's probation based on the undersigned's finding that the government has shown, by a preponderance of the evidence, that the defendant violated the terms of her probation.

## BACKGROUND

On May 26, 2006, after being convicted of theft of mail by postal employee in violation of 18 U.S.C. § 1709 and delay of mail by postal employee in violation of 18 U.S.C. § 1703(a), the defendant was sentenced to three years probation. See Amended Judgment (DE# 51, 6/5/06). One of the conditions of the defendant's

probation was that "[t]he defendant . . . reside and participate in a Community

Corrections Center for a period not to exceed 120 days, or until released at the

direction of the United States Probation Officer." <u>See</u> Request for Modifying the

Conditions or Terms of Supervision with Consent of the Offender (DE# 55, 6/25/07).

The defendant is charged with the following violation of her probation:

<u>Violation Number</u>     <u>Nature of Noncompliance</u>

1.                      **Violation of Special Condition**, by failing to participate in a
                        Residential Reentry Center (RRC).[1] On or about December 5,
                        2007,  the defendant was unsuccessfully discharged from the RRC
                        for leaving the premises without authorization.

On March 13, 2008 and March, 28, 2008, the undersigned held a revocation

hearing.  The government presented the testimony of Ms. Lilly Spates (Assistant

Director of Dismas Charities), Mr. Joseph Haynes, Sr. (Director of Dismas Charities)

and Odine Lindor (the defendant's probation officer). The defendant testified on her

own behalf and presented the testimony of her bosses: Daniel Denero and Gary

Livigne. The government's exhibits 1 through 3 and the defendant's exhibit 1 were

admitted into evidence.

### **LEGAL STANDARD**

In order to revoke a defendant's probation the Court must find by a

preponderance of the evidence that the defendant violated a condition of probation.

---

[1] Although the petition for revocation states that the defendant failed to participate in a Residential Reentry Center, the order granting the Request for Modifying the Conditions or Terms of Supervision with Consent of the Offender (DE# 55, 6/25/07) requires the defendant to reside and participate in a Community Corrections Center. Dismas Charities is a Community Corrections Center.

United States v. Teran, 98 F.3d 831 (5th Cir. 1996). The reasons for the revocation of the defendant's probation and the evidence the court relied upon should be either formalized in written findings or orally announced and recorded or transcribed. United States v. Martinez, 650 F.2d 744 (5th Cir. 1981). The Federal Rules of Evidence do not apply in a probation revocation hearing. United States v. Frazier, 26 F.3d 110, 114 (11th Cir. 1994).[2] In deciding whether or not to admit hearsay testimony, the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation. Id. In addition, the hearsay statement must be reliable.

## FACTS

As a condition of her probation, the defendant was residing at Dismas Charities, a halfway house. In late November 2007, the defendant was invited to attend a work Christmas party on December 4, 2007 at a local restaurant. The defendant submitted an Action Request form (Government Exhibit 2) to Joseph Haynes, the Director of Dimas Charities, requesting permission to attend the Christmas party. In light of the defendant's prior substance abuse problems, Mr. Haynes contacted the restaurant to determine whether the restaurant would be serving alcohol. On November 30, 2007, Mr. Haynes denied the defendant's request to attend the party because alcohol would be served at the restaurant.

On the day of the Christmas party, the defendant was upset and declined to

---

[2] Although Frazier concerned a supervised release violation, the Eleventh Circuit "f[oun]d no significant conceptual difference between the revocation of probation or parole and the revocation of supervised release." Id. at 114.

participate in decorating the halfway house for Christmas. Ms. Spates, the Assistant Director of Dismas Charities, approached the defendant and asked her why she was not helping with the Christmas decorations. The defendant showed Ms. Spates the denied Action Request form and expressed dissatisfaction with the denial.[3]

That evening, the defendant took a bus to the restaurant to attend the Christmas party. The restaurant is located 5 to 6 miles from the halfway house. The time records for December 4, 2007 show that the defendant checked in at the halfway house at 6:36 p.m. and checked out at 6:38 p.m. See Government Exhibit 3. At 7:40 p.m., the defendant called the halfway house to advise that she had arrived at the restaurant. When Mr. Haynes learned that the defendant was out, he told his staff that the defendant needed to return to the halfway house. At 8:27 p.m., an employee of the halfway house contacted the restaurant and told the defendant she needed to return to the halfway house. The defendant left the restaurant and took a bus to the halfway house. She returned at 10:24 p.m, approximately two hours after she had been told to return to the halfway house.[4] The next day, the defendant was discharged from the

---

[3] The defendant testified that Ms. Spates told her she could attend the Christmas party by submitting a change of schedule. According to the defendant, she followed Ms. Spates instructions and submitted the change of schedule. Ms. Spates denied authorizing the defendant to attend the party. The undersigned credits Ms. Spates' testimony that she did not give the defendant permission to attend the party. At the time the defendant claims Ms Spates gave her permission, the defendant had already presented Ms. Spates with a written denial signed by Mr. Haynes. It would be unusual for Ms. Spates to override the decision of the Director of Dismas Charities.

[4] The defendant testified that there had been an accident which delayed her return to the halfway house. The defendant's testimony was corroborated by Mr. Denero, the defendant's boss, who testified that he saw the accident at the intersection of U.S.-1 and interstate 595. Mr. Livigne testified that when the defendant was told she needed to return to the halfway house, she immediately left the restaurant.

halfway house for attending the Christmas party without permission. <u>See</u> Government

Exhibit 3,  December 5, 2007 Correspondence from Mr. Haynes to the Federal Bureau

of Prisons.

## FINDINGS

The government has proven violation number one, by a preponderance of the

evidence. The government has shown that the defendant was discharged from Dismas

Charties for leaving the premises without authorization. The defendant argues that the

government has not shown by a preponderance of the evidence that Ms. Spates'

memory is reliable because Ms. Spates could not provide the names of other residents

who were decorating the halfway house on December 4, 2007. The undersigned credits

Ms. Spates testimony and notes that had Ms. Spates overridden Mr. Haynes' denial, it

would have been unusual and Ms. Spates would have remembered giving the

defendant permission. The defendant was provided with written notice from Mr. Haynes

that she could not attend the Christmas party. Ms. Spates did not tell the defendant that

she could go to the Christmas party. Thus, the defendant went to the Christmas party

without authorization and, as a result, was dismissed from the halfway house.

## RECOMMENDATION

The undersigned recommends that the District Court take whatever action the

District Court determines is appropriate based on the undersigned's findings that the

government proved violation number one.

The parties have ten (10) days from the date of receipt of this Report and

Recommendation within which to serve and file written objections, if any, with the

Honorable Ursula Ungaro, United States District Court Judge.  Failure to file objections

timely shall bar the parties from attacking on appeal the factual findings contained

herein.  LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958,

109 S.Ct. 397 (1988).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida

this **31st** day of March, 2008.

_____

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
Honorable Judge Ungaro
All counsel of record
Odine Lindor, U.S. Probation

6